IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TROY D. ITSKIN,

    **Plaintiff,**

    v.

GLORIA D. GIBSON,

    **Defendant.**

Case No. 2:10-cv-689
Judge Sargus
Magistrate Judge Deavers

## ORDER

Presently before the Court is Plaintiff's Motion for Voluntary Dismissal (Doc. 23). As explained below, the Court will provisionally grant Plaintiff's motion.

Plaintiff, Troy Itskin, brings the instant action against Defendant, Gloria Gibson, with claims for interference with Plaintiff's expectancy of inheritance from his father's estate and unjust enrichment. Defendant brings a counterclaim against Plaintiff for defamation, requesting compensatory damages of $50,000 and punitive damages of $50,000. Plaintiff seeks to voluntarily dismiss his claims against Defendant without prejudice pursuant to Rule 41(a)(2), which provides:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

FED. R. CIV. P. 41(a)(2). Plaintiff represents that he seeks dismissal of his claims out of respect for his father's wishes. Defendant objects to Plaintiff's request for dismissal without prejudice.

Pursuant to Rule 41(a)(2), the Court may only dismiss Plaintiff's claims without prejudice over Defendant's objections if Defendant's counterclaim can remain pending before this Court for independent adjudication. Plaintiff is a citizen of Ohio, while Defendant is a citizen of South Carolina. Accordingly, as Defendant's counterclaim seeks compensatory damages of $50,000 and punitive damages of $50,000, the Court concludes that it possesses independent subject matter jurisdiction of the counterclaim pursuant to 28 U.S.C. § 1332(a)(1).

Defendant contends that she will be prejudiced by a dismissal of Plaintiff's claims on the grounds that discovery in this case is complete, that she has incurred substantial legal costs, and that Plaintiff will likely refile his claims after his father's death. As Rule 41(a)(2) allows the Court to impose conditions on the grant of a request for voluntary dismissal, the Court will provisionally grant Plaintiff's motion to dismiss, but impose the following conditions in response to the concerns raised by Defendant that will apply should Plaintiff refile his claims:

1) All discovery completed by the Parties may be used in any subsequent action;

2) If, upon the death of his father, Plaintiff seeks to refile his claims in this Court or any other Court, including in probate court, a hearing will be held by this Court at which time Plaintiff must demonstrate that he had good cause for this proposed dismissal and that the Defendant has not been prejudiced by this dismissal.

As stated above, the Court provisionally grants Plaintiff's motion to voluntarily dismiss his claims. Plaintiff may, however, withdraw Document 23 within ten days of the date of this Order. Failure to do so will be deemed an acceptance of the above conditions, and Plaintiff's complaint will be dismissed without prejudice, subject to the conditions imposed by this Order.

2

IT IS SO ORDERED.

9-2-2011
DATED

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

3