# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TROY D. ITSKIN,**

    **Plaintiff,**

                                                        Civil Action 2:10-cv-00689

**v.**                                                  Judge Edmund A. Sargus

                                                        Magistrate Judge E.A. Preston Deavers

**GLORIA D. GIBSON,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant Gloria Gibson's Motion to Compel. (ECF No. 21.) Defendant seeks to compel discovery requests relating to a private investigator who Plaintiff hired prior to this litigation. Plaintiff maintains that information concerning his private investigator is not discoverable because it is privileged under Ohio law, constitutes work product, and is not relevant to the remaining claims in this case. For the reasons that follow, Defendant's Motion to Compel is **GRANTED** subject to the conditions outlined below.

## I. BACKGROUND

Plaintiff Troy D. Itskin filed his Complaint against Defendant Gloria D. Gibson in August 2010. Plaintiff's claims included that Defendant, through her intimate relationship with Plaintiff's father, Darrel Itskin, intentionally interfered with his expectancy of inheritance. In March 2011, Defendant filed a Counterclaim against Defendant for defamation, maintaining that

Plaintiff made several false public accusations concerning her conduct.[1]  On July 22, 2011, Plaintiff moved to dismiss his action without prejudice citing personal and family considerations. The Court granted Plaintiff's Motion for Voluntary Dismissal, noting that Defendant's Counterclaim remained pending.

Defendant moved to compel a response to various discovery requests in July 2011.  She maintains that Plaintiff hired a private investigator to perform surveillance and investigate her. According to Defendant, the private investigator met with Darrel Itskin to discuss the findings of the investigation.  Additionally, Defendant contends that when she met the private investigator, the private investigator informed her that Plaintiff intended to file a lawsuit.  Defendant asserts that during these meetings the private investigator showed her and Darrel Itskin photographs and other documents.

In her Motion to Compel, Defendant asserts that in responding to her first set of discovery requests, Plaintiff failed to provide any documents from his private investigator. Accordingly, within Defendant's second set of discovery requests, she asked Plaintiff to identify the private investigator and produce all photographs, recordings, and documents that the investigator obtained.  Defendant indicates that Plaintiff has failed to respond to such requests. Additionally, the parties appear to dispute whether Defendant may depose Plaintiff's private investigator.  (*See* Ex. C–D, ECF No. 21-2.)

In opposing Defendant's Motion to Compel, Plaintiff provides three basic rationales for withholding the private investigator's materials.  First, Plaintiff maintains that all of the

---

[1] Defendant also maintains that the Counterclaim states claims for other torts. In light of the reasoning below, the Court finds it unnecessary to determine the full extent of Defendant's Counterclaim at this time.

discovery Defendant seeks relating to his private investigator is privileged pursuant to Ohio Revised Code § 4749.13(B). Plaintiff emphasizes that he never identified, and never intended to call, his private investigator as a witness in this case. Second, Plaintiff contends that information regarding Plaintiff's private investigator is no longer relevant. In making this contention, Plaintiff emphasizes that he has voluntarily dismissed his claims against Defendant, and only Defendant's Counterclaim remains. Finally, Plaintiff maintains that the information Defendant requests is within the scope of the work-product doctrine.

## II. STANDARD

Determining the scope of discovery is within the Court's discretion. *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998). Federal Rule of Civil Procedure 37 allows a party to file a motion to compel when the opposing party fails to provide a response, or provides an incomplete response, to interrogatories or requests for documents. Fed. R. Civ. P. 37(a).

As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). In particular, discovery is more liberal than the trial setting, as Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence." *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)). In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In considering the scope of discovery, the Court should balance a party's "right to discovery with the need to prevent 'fishing expeditions.'" *Conti v. Am. Axle and Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).

3

Of course, if the information sought relates to a matter that is privileged, the generally broad scope of discovery does not apply. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant . . . ."). Additionally, a party may not ordinarily discover documents or other materials "prepared in anticipation of litigation . . . ." Fed. R. Civ. P. 26(b)(3). Nevertheless, if a party withholds information based on privileged or the work-product doctrine, the party is required to explicitly make such a claim and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and in doing so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5); *see also Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 WL 4117552, at *5 (S.D. Ohio Oct. 19, 2010) (providing that a privilege log is "required by Fed. R. Civ. P. 26(b)(5) in order to alert the opposing parties that documents have been withheld on grounds of privilege . . . ."). Furthermore, "[t]he burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999); *see also Jones v. St. Jude Med. S.C., Inc.*, No. 2:08-cv-1047, 2011 WL 829086, at *4 (S.D. Ohio Mar. 3, 2011) (indicating that if documents in question are otherwise discoverable, a party opposing discovery pursuant to the work-product doctrine bears the burden of demonstrating that the documents in question were prepared in anticipation of litigation).

### III. ANALYSIS

As detailed above, Plaintiff maintains that Defendant is not entitled to discovery regarding any matters related to his private investigator on three separate grounds. The Court turns first to the issue of relevancy and then to matters of privilege and the work-product doctrine.

4

A.  Relevancy

Plaintiff contends that information regarding his private investigator is not relevant to Defendant's pending Counterclaim. The Court disagrees.

Defendant's request for information involving Plaintiff's private investigator is within the broad scope of discovery. As detailed above, the Federal Rules of Civil Procedure permit any inquiry that is reasonably calculated to lead to admissible evidence. Although Plaintiff has voluntarily dismissed his original claims, Defendant's Counterclaim, alleging defamation, remains. Under Ohio law, to prevail on a defamation claim, a claimant must establish a false statement with at least some degree of fault. *See Gosden v. Louis*, 116 Ohio App.3d 195, 206 (Ohio 1996). In an attempt to satisfy these requirements, Defendant alleges that Plaintiff made a variety of false statements concerning her behavior while knowing that such statements were false. (*See* Answer & Countercl ¶¶ 2–19, ECF No. 15.) Because Plaintiff hired a private investigator to investigate Defendant, and potentially learned from the investigator facts regarding her, it is at least reasonably likely that information concerning the investigation will have some bearing on whether any statements in question were false and also whether Plaintiff knew the falsity of the purported statements. Accordingly, Defendant's discovery requests concerning Plaintiff's private investigator are reasonably calculated to lead to information relevant to Defendant's defamation claim.[2]

---

[2]As detailed further below, the undersigned reaches no conclusions within this Order as to the merits of Plaintiff's pending Motion for Summary Judgment on Defendant's defamation claim based on absolute privilege. The Court finds, however, for the purposes of resolving this discovery dispute, that the possibility of a successful privilege defense is not sufficient to limit the generally broad scope of discovery.

B. Privilege

Even if the discovery a party seeks is relevant, Rule 26 generally prohibits discovery of privileged materials. In diversity cases, the Court applies state law to resolve privilege issues. Fed. R. Evid. 501; *see also In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006). Plaintiff asserts that, under Ohio law, the information Defendant seeks is privileged.

The pertinent inquiry before the Court is the scope of Ohio Revised Code § 4749.13. This section of the Ohio Revised Code places prohibitions on private investigators providing, in pertinent part, that no person licensed in the business of private investigation shall "[d]ivulge any information acquired from or for a client to persons other than the client or the client's authorized agent without express authorization to do so or unless required by law . . . ." Ohio Rev. Code § 4749.13. Plaintiff implies that this statute extends a protection analogous to the attorney-client privilege to the private investigator-client relationship. Additionally, Plaintiff maintains that protections under § 4749.13 are broader than the attorney-client privilege because the statute protects from the divulging of "any information."

The Court finds that Plaintiff's interpretation of Ohio Revised Code § 4749.13 stretches the statute too far. The statute requires private investigators to keep as confidential information they gather for or learn from a client, unless their client consents to, or the law requires, disclosure. The statutory language, however, is devoid of any indication that the client of a private investigator who subsequently chooses to bring a lawsuit, or who faces a lawsuit relating to an investigation, may then use § 4749.13 to shield information gathered in an investigation from discovery. On its face, Ohio Revised Code § 4749.13 requires only that the private investigator not divulge information unless required by law. The statute does not indicate or imply that once in the hands of the client, information a private investigator gathers is protected

6

from discovery. Furthermore, § 4749.13 explicitly acknowledges that the law may in certain instances require a private investigator to disclose information. Finally, the Court finds no basis from the language of § 4749.13 for holding that a private investigator's communications with third parties regarding the findings of an investigation and documents a private investigator voluntarily displays to third parties—presumably with the client's consent—are privileged.

Additionally, the Court finds no grounds for equating Ohio Revised Code § 4749.13 to the attorney-client privilege. Under Ohio law, the attorney-client privilege is a product of both statutory and common law. *See State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 264 (Ohio 2005). The statute governing attorney-client and other privileged communications, Ohio Revised Code § 2317.02, does not reference § 4749.13, it does not mention private investigators, nor is the language of the two statutes similar enough to assume that the Ohio legislature intended the statutes to have the same effect.[3] Additionally, no parallel common-law doctrine recognizes a private-investigator privilege. Plaintiff points to Michigan law to support the finding of a private-investigator privilege. *See Ravary v. Reed*, 163 Mich. App. 447, 452 (Mich. Ct. App. 1987) (recognizing, under Michigan law, a private detective-client privilege analogous to the attorney-client privilege). The relevant Michigan statute, however, includes strong privilege language completely absent from Ohio Revised Code § 4749.13. *See* Mich. Comp. Law § 338.840 (stating that communications between a private investigator and client are "considered privileged with the same authority and dignity as are other privileged communications recognized by the courts of this state"). As both parties note, limited Ohio authority exists addressing the scope of § 4749.13. Nevertheless, at least some

---

[3] Tellingly, Ohio Rev. Code § 2317.02 does address privilege for other non-attorney professions.

Ohio authority, though dated, supports the Court's conclusion. *See Patton v. Frank*, C. A. No. 7935, 1976 WL 188726, at *3 (Ohio Ct. App. Mar. 31, 1976) (holding that the statute in question, then codified at Ohio Revised Code § 4749.10, did not establish a privilege comparable to attorney-client privilege as set forth in Ohio Revised Code § 2317.02).

Based on the above reasoning, and the circumstance of this case, the Court rejects Plaintiff's assertion regarding a blanket private-investigator privilege. Furthermore, as Plaintiff has failed to provide a privilege log or present specific privilege contentions relating to any particular documents, the Court finds Plaintiff has failed to carry his burden of establishing privilege as to any specific item or document.

C.      Work-Product Doctrine

Plaintiff's final contention is that the documents and materials Defendant seeks are protected under the work-product doctrine. Plaintiff contends, through briefing, that he retained a private investigator because of the possibility of litigation. Consequently, Plaintiff submits that the materials Defendant seeks relating to the private investigator were prepared in anticipation of litigation.

Unlike privilege, "[i]n a diversity case, the court applies federal law to resolve work product claims . . . ." *Powerhouse Licensing*, 441 F.3d at 472. The Federal Rules of Civil Procedure provide that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ." Fed. R. Civ. P. 26(b)(3). As the language of this Rule 26 indicates, and as the Advisory Committee notes clarify, materials can be the subject of the work-product doctrine even if a non-attorney creates them. *See* Fed. R. Civ. P. 26(b)(3) Advisory Committee Notes, 1970 Amendment ("Subdivision (b)(3) reflects the trend of the cases by requiring a special

8

showing, not merely as to materials prepared by an attorney, but also as to materials prepared in anticipation of litigation or preparation for trial by or for a party or any representative acting on his behalf.").

Under certain circumstances, however, a party may waive a claim under the work-product doctrine. *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.*, 293 F.3d 289, 304 (6th Cir. 2002). Because the purpose of the work-product doctrine is to protect the relevant work "from falling into the hands of an adversary," disclosure of protected materials to a third-party will often waive the protection of the work-product doctrine. *See In re Chevron Corp.*, 633 F.3d 153, 165 (3rd Cir. 2011). When work product is disclosed to a third party, the key issue becomes whether "the material is disclosed in a manner inconsistent with keeping it from an adversary . . . ." *Id.*; *cf. also In re Columbia/HCA*, 293 F.3d at 306 ("Other than the fact that the initial waiver must be to an 'adversary,' there is no compelling reason for differentiating waiver of work product from waiver of attorney-client privilege."). Finally, when waiver does occur, the Federal Rules of Evidence provide guidance as to whether waiver of certain disclosed materials constitutes waiver of undisclosed materials involving the same subject matter. *See* Fed. R. Evid. 502.

Here, the Court finds Plaintiff's application of the work-product doctrine unavailing. Given Plaintiff's failure to outline the nature of the discovery in question pursuant to Rule 26(b)(5), he has not met his burden of demonstrating that the work-product doctrine applies. Furthermore, even assuming that the private investigator prepared materials in anticipation of litigation, Plaintiff has waived his right to protect the matters as work product, with regards to certain documents, through disclosure. Specifically, by permitting his private investigator to display photographs and other documents to Defendant, in conjunction with the threat of a

9

lawsuit, Plaintiff has disclosed materials in a manner inconsistent with the purpose of the work-product doctrine. Accordingly, it would be unfair to allow Plaintiff to now shield these documents from disclosure. Furthermore, given the relationship between Defendant and Darrel Itskin, the Court also finds disclosure to Darrel Itskin inconsistent with the purpose of the work-product doctrine. Consequently, Plaintiff is not entitled to rely on the work-product doctrine with respect to any materials the private investigator disclosed to Defendant or Darrel Itskin.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel is **GRANTED**. (ECF No. 21.) Plaintiff is **DIRECTED** to respond to Defendant's Second Request for Production of Documents (Ex. B, ECF No. 21-2) within **TEN (10) DAYS** of this Opinion and Order.[4] If there are responsive documents that, consistent with the reasoning of this Opinion and Order, Plaintiff believes are protected under the attorney-client privilege,[5] he is **DIRECTED** to provide, in conjunction with his responses, sufficient information pursuant to Federal Rule of Civil Procedure 26(b)(5) to allow Defendant to assess the claim. *Cf. Cooey v. Strickland*, 269 F.R.D. 643, 649 (S.D. Ohio 2010) (outlining details courts require within privilege logs). Additionally, Defendant may conduct supplemental discovery, to be completed within **FORTY-FIVE (45) DAYS** of the date of this Order, as to the private investigator's communications with Defendant and Darrel Itskin.

The Court notes that Plaintiff has filed a Motion for Summary Judgment in which he

---

[4] If necessary, Plaintiff should also supplement his response to any earlier discovery requests.

[5] In light of this Opinion and Order, and Plaintiff's failure to carry his burden, he may not re-assert the private-investigator privilege or the work-product doctrine.

maintains that the doctrine of absolute privilege bars Plaintiff's claims for defamation. Additionally, Defendant has filed a Motion to Defer Ruling on Plaintiff's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(d). The undersigned emphasizes that this Opinion and Order should not be construed as reaching the merits of either of these pending Motions.

**IT IS SO ORDERED.**


Date: November 7, 2011 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge