UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TROY D. ITSKIN,

        Plaintiff,

v.

GLORIA D. GIBSON,

        Defendant.

Case No. 2:10-CV-689
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for summary judgment (Doc. No. 32), which is **DENIED WITHOUT PREJUDICE**, Defendant's motion to defer ruling on Plaintiff's motion for summary judgment (Doc. No. 37), which is **GRANTED**, and Plaintiff's objection to the order granting Defendant's motion to compel (Doc. No. 43), which is **OVERRULED**.

I.

On August 3, 2010, Plaintiff Troy D. Itskin filed a complaint against Defendant Gloria D. Gibson. Plaintiff's claims include that Defendant, through her intimate relationship with Plaintiff's father, Darrel Itskin, intentionally interfered with his expectancy of inheritance. In March 2011, Defendant filed a counterclaim against Plaintiff, maintaining that Plaintiff made several false public accusations concerning her conduct. In the current briefing before the Court, Defendant indicates that the counterclaim is for defamation, "intentional infliction of emotional distress, invasion of privacy and abuse of process." (Doc. No. 41 at 1.)

On July 22, 2011, Plaintiff moved to dismiss his complaint without prejudice citing

personal and family considerations. The Court granted Plaintiff's motion for voluntary dismissal, noting that Defendant's counterclaim remained pending.

On July 15, 2011, Defendant filed a motion to compel Plaintiff to respond to various discovery requests. (Doc. No. 21.) On July 25, 2011, Plaintiff filed a memorandum in opposition to Defendant's motion (Doc. No. 24), and on August 1, 2011, Defendant filed a reply in support of his motion (Doc. No. 25).

On November 7, 2011, Magistrate Judge Deavers granted Defendant's motion to compel. (Doc. No. 42.) Plaintiff filed an objection to that Order on November 17, 2011. (Doc. No. 43.) Defendant filed a memorandum in opposition to Plaintiff's objection on December 1, 2011 (Doc. No. 45), and on December 14, 2011, Plaintiff filed a reply brief in support of his objection (Doc. No. 46).

On August 29, 2011, Plaintiff filed a motion for summary judgment on Defendant's defamation counterclaim. (Doc. No. 32.) It appears that Plaintiff believed that the counterclaim was one only for defamation. In response, on September 22, 2011, Defendant filed a motion to defer ruling on Plaintiff's motion for summary judgment. (Doc. No. 37.) On October 13, 2011, Plaintiff filed his memorandum in opposition to Defendant's motion (Doc. No. 40), and on October 27, 2011, Defendant filed her reply brief (Doc. No. 41).

**II.**

Plaintiff asks this Court to review the Magistrate Judge's order granting Defendant's motion to compel.

**A. Standard**

Plaintiff states objections to the Magistrate Judge's discovery Order pursuant to Rule

72(a) of the Federal Rules of Civil Procedure. For nondispositive matters, a district judge must "modify or set aside any portion of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). *See also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard applies to factual findings made by the Magistrate Judge, while legal conclusions are reviewed "under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994) (table). A finding is "clearly erroneous" only when the district court is left with the definite and firm conviction that a mistake has been made. *See In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citations omitted). A court's review under the "contrary to law" standard is plenary, and the court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee*, 785 F. Supp. at 686 (citations and internal quotations omitted). *See also Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 U.S. Dist. LEXIS 24512, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (a decision is contrary to law "if the magistrate has misinterpreted or misapplied applicable law")

## B. Analysis

In Magistrate Judge Deavers' order granting Defendant's motion to compel, she concluded that the discovery sought by Defendant was relevant and that it was not subject to protection from disclosure under the doctrines of privilege and/or work-product. Plaintiff submits that each of these conclusions is clearly erroneous and contrary to law.

First, Plaintiff submits that the Magistrate Judge erred in her determination that the discovery requested was relevant because "the broad scope of discovery does not encompass

information to defend against a complaint that has already been dismissed." (Doc. No. 43 at 5.) Plaintiff further contends that Defendant "never met her initial burden to establish that discovery related to the private investigator was relevant to prove her counterclaim [referring to the claim as encompassing defamation and whether Plaintiff made false statements in his complaint]." *Id.* This Court disagrees. The Magistrate Judge clearly addressed relevancy in light of the fact that "Plaintiff voluntarily dismissed his original claims." (Doc. No. 42 at 5.) Her determination that the discovery sought by Defendant was relevant was made by correctly interpreting and applying the relevant law. *Id.* ("the Federal Rules of Civil Procedure permit any inquiry that is reasonably calculated to lead to admissible evidence"). Thus, her decision does not contradict or ignore applicable precepts of law and shall remain in effect.

As to the issue of privilege, Plaintiff disagrees with Magistrate Judge Deavers' interpretation of the phrase "unless required by law" that is found in Ohio Revised Code § 4749.13 (placing prohibitions on private investigators providing, in pertinent part, that no person licensed in the business of private investigation shall "[d]ivulge any information acquired from or for a client to persons other than the client or the client's authorized agent without express authorization to do so or unless required by law . . . ."). The Court finds that the Magistrate Judge's interpretation was not contrary to law. She analyzed Plaintiff's suggested interpretation, which extended the protection further than of the attorney client privilege, and explained that it "stretches the statute too far":

> The statute requires private investigators to keep as confidential information they gather for or learn from a client, unless their client consents to, or the law requires, disclosure. The statutory language, however, is devoid of any indication that the client of a private investigator who subsequently chooses to bring a lawsuit, or who faces a lawsuit relating to an investigation, may then use §

4

> 4749.13 to shield information gathered in an investigation from discovery. On its face, Ohio Revised Code § 4749.13 requires only that the private investigator not divulge information unless required by law. The statute does not indicate or imply that once in the hands of the client, information a private investigator gathers is protected from discovery. Furthermore, § 4749.13 explicitly acknowledges that the law may in certain instances require a private investigator to disclose information. Finally, the Court finds no basis from the language of § 4749.13 for holding that a private investigator's communications with third parties regarding the findings of an investigation and documents a private investigator voluntarily displays to third parties—presumably with the client's consent—are privileged.

(Doc. No. 42 at 6-7.)

Magistrate Judge Deavers also explained why she found no grounds for equating Ohio Revised Code § 4749.13 to the attorney-client privilege:

> Under Ohio law, the attorney-client privilege is a product of both statutory and common law. *See State ex rel. Leslie v. Ohio Hous. Fin. Agency*, 105 Ohio St.3d 261, 264 (Ohio 2005). The statute governing attorney-client and other privileged communications, Ohio Revised Code § 2317.02, does not reference § 4749.13, it does not mention private investigators, nor is the language of the two statutes similar enough to assume that the Ohio legislature intended the statutes to have the same effect. [Footnote: Tellingly, Ohio Rev. Code § 2317.02 does address privilege for other non-attorney professions.] Additionally, no parallel common-law doctrine recognizes a private-investigator privilege. Plaintiff points to Michigan law to support the finding of a private-investigator privilege. *See Ravary v. Reed*, 163 Mich. App. 447, 452 (Mich. Ct. App. 1987) (recognizing, under Michigan law, a private detective-client privilege analogous to the attorney-client privilege). The relevant Michigan statute, however, includes strong privilege language completely absent from Ohio Revised Code § 4749.13. *See* Mich. Comp. Law § 338.840 (stating that communications between a private investigator and client are "considered privileged with the same authority and dignity as are other privileged communications recognized by the courts of this state"). As both parties note, limited Ohio authority exists addressing the scope of § 4749.13. Nevertheless, at least some Ohio authority, though dated, supports the Court's conclusion. *See Patton v. Frank*, C. A. No. 7935, 1976 WL 188726, at *3 (Ohio Ct. App. Mar. 31, 1976) (holding that the statute in question, then codified at Ohio Revised Code § 4749.10, did not establish a privilege comparable to attorney-client privilege as set forth in Ohio Revised Code § 2317.02).

5

*Id.* at 7-8.

The Court finds that the Magistrate Judge properly applied the law governing statutory interpretation and the case law relevant to interpreting the statute at issue here. Further, her conclusion is not against the clear weight of the evidence nor does it leave this Court with the definite and firm conviction that a mistake has been made. Therefore, her decision shall remain in effect.

Finally, Plaintiff posits that the Magistrate Judge's decision "is erroneous as to the scope of any waiver." (Doc. No 43 at 17.) This Court disagrees. In her order, Magistrate Judge Deavers set forth the proper law to determine whether Plaintiff had waived the protection of the work-product doctrine and properly applied that law to the facts before her. (Doc. No. 43 at 9) ("Plaintiff has waived his right to protect the matters as work product, with regards to certain documents, through disclosure. Specifically, by permitting his private investigator to display photographs and other documents to Defendant, in conjunction with the threat of a lawsuit, Plaintiff has disclosed materials in a manner inconsistent with the purpose of the work-product doctrine."). The Court concludes that the Magistrate Judge's decision regarding waiver of the protection of the work-product doctrine as to the disclosed materials is not clearly erroneous or contrary to law, and thus, shall remain in effect.

Based on the foregoing, the Court concludes that Magistrate Judge Deaver's Order granting Defendant's motion to compel is not clearly erroneous or contrary to law. Therefore, Plaintiff's objection is **OVERRULED**.

### III.

Plaintiff moves for summary judgment on Defendant's defamation counterclaim.

Defendant requests that this Court defer ruling on Plaintiff's motion for summary judgment until she has been afforded the opportunity to engage in discovery.

### A. Standard

Rule 56(d) of the Federal Rules of Civil Procedure provides:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d)

### B. Analysis

Here, Defendant has satisfied the requirement of Rule 56(d). That is, she has provided the affidavit of her attorney in support of her request for additional time. The affidavit identifies Defendant's need for discovery, the facts she hopes to uncover, and why she has not previously discovered the information. (Doc. No. 37-1.) Defendant therefore, is entitled to a sufficient opportunity for discovery before she is required to respond to Plaintiff's motion for summary judgment. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231-32 (6th Cir. 1994) ("a grant of summary judgment is improper if the non-movant is given an insufficient opportunity for discovery"). Moreover, here, because the Court herein overruled Plaintiff's objections to the Magistrate Judge's order granting Defendant's motion to compel, much of the discovery sought by Defendant is forthcoming. Accordingly, the Court **GRANTS** Defendant's motion to defer its ruling on Plaintiff's motion for summary judgment and **DENIES** Plaintiff's motion for summary judgment without prejudice to re-filing that motion after discovery is

complete.

## IV.

Based on the foregoing, the Court **OVERRULES** Plaintiff's objection to the order granting Defendant's motion to compel (Doc. No. 43), **GRANTS** Defendant's motion to defer ruling on Plaintiff's motion for summary judgment (Doc. No. 37), and **DENIES WITHOUT PREJUDICE** Plaintiff's motion for summary judgment (Doc. No. 32).

**IT IS SO ORDERED.**

 

 3-9-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

8